1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

J.C.,

Plaintiff,

v.

SOCIETY OF JESUS, OREGON
PROVINCE,

Defendant.

CASE NO. C05-1662JLR

ORDER

## I.  INTRODUCTION

This matter comes before the court on Plaintiff's motion to amend the complaint to add Seattle University as a Defendant (Dkt. # 11).  The court has considered the parties' briefs and supporting declarations, as well as their presentations at oral argument.  For the reasons stated below, the court DENIES the motion to amend.

## II.  BACKGROUND & ANALYSIS

Although Plaintiff's motion comes disguised as a routine motion to amend the complaint by adding a new party, the impact of granting the motion will be a requirement to King County Superior Court.  Plaintiff apparently prefers the state forum, as he brought this action there originally on September 7, 2005 to recover damages for alleged sexual abuse at the hands of a friar who worked for Defendant.  Defendant, domiciled in

ORDER – 1

Oregon, properly removed the action to this court in October 2005 on the basis of diversity of citizenship.  Plaintiff's domicile is Washington.

Under 28 U.S.C. § 1447(e), the court has only two options when considering a motion to amend that would add a non-diverse party in a removed action where the court is exercising diversity jurisdiction.  The court may either "deny joinder, or permit joinder and remand the action to the State court."  Id.  Thus, if the court grants the motion to amend, and thus permits the joinder of Seattle University, the court has no choice but to remand this action, as Seattle University and Plaintiff both have a Washington domicile.

Under Fed. R. Civ. P. 15(a) ("Rule 15"), a court should grant leave to amend freely "when justice so requires."  Rule 15 allows for liberal amendment of pleadings, and a court should grant a motion to amend absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting Foman v. Davis, 371 U.S. 178, 185 (1962)). When a party seeks leave to amend in order to add a new party, the court considers both the general principles of Rule 15 and the joinder provisions of Fed. R. Civ. P. 20.  In this case, the court notes that Plaintiff appears to have a basis under the standards of Rule 20 to add Seattle University as a party, and appears to have made a colorable showing that its claim against Seattle University is not futile.

The primary prejudice to the Defendant is that remanding this action to state court will no doubt substantially delay the trial of this action.  Defendant argues that the court should also consider its choice of forum and the bias it will face in state court.  Neither the Defendant's choice of forum nor the alleged bias of Washington courts is a proper basis for a finding of prejudice.

ORDER – 2

Were legal merit and potential prejudice the only considerations, the court might grant the instant motion. However, the court must also consider "undue delay, bad faith, or dilatory motive" on Plaintiff's behalf. <u>Eminence Capital</u>, 316 F.3d at 1052.

In his moving papers, Plaintiff claimed that the information that led it to seek an amendment was relatively new:

> *During discovery in this case*, plaintiffs have learned that certain officials within Seattle University had knowledge of [the friar's] sexual abuse of minors and that at the time Seattle University officials learned of the abuse, they were mandatory reporters under [Washington law]."

Pltf.'s Mot. at 2 (emphasis added).

In opposition to the motion, Defendant questioned this assertion. Plaintiff responded with a declaration from counsel attaching a letter that provides a colorable basis for its proposed claim against Seattle University. The letter, however, is much less notable than the declaration that accompanied it. According to counsel for Plaintiff, counsel did not acquire the letter "during discovery" as it initially represented, but rather "*during a pre-litigation exchange of documents*." Menely Decl. ¶ 2 (emphasis added). The declaration raises two concerns: that counsel for Plaintiff may have misled the court about when it learned of evidence supporting claims against Seattle University; and that Plaintiff knew of the evidence since at least September 2005, and therefore has waited almost *seven months* before seeking leave to amend to join a new party.

The court held a hearing to inquire into these concerns. Counsel for Plaintiff confirmed that Plaintiff has had the letter in question since before he filed his complaint in state court. Counsel for Defendant elaborated and explained that counsel has had the evidence since before a June 2005 pre-litigation mediation. Thus, Plaintiff (or his counsel) has waited *ten months* before seeking leave to join Seattle University.

The court need not decide if Plaintiff's counsel has sought to intentionally mislead the court. Counsel explained at the hearing that the inconsistent representations to the

ORDER – 3

court were unintentional, and that counsel did not realize the import of the evidence supporting a claim against Seattle University until relatively recently.[1]  The court need not decide whether it accepts this explanation – even if it did, counsel was at best inexcusably negligent in not bringing its claim against Seattle University much sooner.

Under these circumstances, the court finds that Plaintiff has acted in bad faith and unduly delayed in seeking to add Seattle University as a Defendant.  The court finds that it would not serve the interests of justice to reward counsel's dilatory conduct, and that the prejudice that Defendant would suffer is undue under these circumstances.  The court therefore denies leave to amend the complaint, and will not permit Plaintiff to join Seattle University in this action.

### III.  CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's motion for leave to file an amended complaint.  (Dkt. # 11).  The court will award Defendant attorneys' fees for the time its counsel spent opposing this motion.  The court directs counsel to meet and confer to stipulate to an appropriate award.  If they are unable to do so, Defendant may file a motion for attorneys' fees.

Dated this 4th day of May, 2006.

_____
JAMES L. ROBART
United States District Judge

_____

[1]In addition, Defendant apparently disclosed the letter a second time in its December 2005 initial disclosures.  This lends support to counsel's assertion that it learned of the evidence against Seattle University "during discovery," although it does not begin to explain how counsel failed to learn earlier of evidence in its possession since at least June 2005.

ORDER – 4