UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

J.C.,

           Plaintiff,

    v.

SOCIETY OF JESUS, OREGON PROVINCE,

           Defendant.

CASE NO. C05-1662JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment (Dkt. # 91) from the Defendant, the Oregon Province of the Society of Jesus ("the Province"). The court has considered the parties' briefs and supporting declarations, and finds oral argument unnecessary. For the reasons stated below, the court GRANTS the motion in part and DENIES it in part.

## II. BACKGROUND & ANALYSIS

Plaintiff alleges that the Province is liable to him for damages arising from a 1968 incident in which Father Michael Toulouse, a priest within the Province, sexually abused him. The Plaintiff was a minor at the time of the abuse. Father Toulouse died in 1976.

The Province concedes that there is sufficient evidence to create a triable issue over the Province's alleged negligence in failing to prevent Father Toulouse from abusing Plaintiff. It targets this motion at Plaintiff's remaining theories of relief: negligent

ORDER – 1

infliction of emotional distress, equitable estoppel and fraudulent conveyance, and Washington's Sexual Exploitation of Children Act, RCW §§ 9.68A.001-9.68A.911.

In reviewing the pending summary judgment motions, the court must draw all inferences from the evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party must present probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). For purely legal questions, summary judgment is appropriate without deference to either party.

**A.    Negligent Infliction of Emotional Distress**

The Province seeks to dismiss Plaintiff's claim for negligent infliction of emotional distress ("NIED") because it is "redundant" and "superfluous." Mot. at 5. The Province correctly observes that Plaintiff seeks emotional damages for his negligence claim. It therefore concludes that Plaintiff's claim for negligent infliction of emotional distress is no more than an attempt to obtain a double recovery.

The court finds no basis for dismissing Plaintiff's NIED claim. There is no suggestion that Plaintiff lacks the evidence to support such a claim. The Province concedes for purposes of this motion that Plaintiff has a triable negligence claim. A triable NIED claim requires that the Plaintiff point to "objective symptomatology" of his emotional distress. Haubry v. Snow, 31 P.3d 1186, 1193 (Wash. Ct. App. 2001) (citing

ORDER – 2

Hunsley v. Giard, 553 P.2d 1096, 1103 (Wash. 1976)).  If this case proceeds to trial, the court will ensure (likely at the insistence of the Province) that the jury does not award duplicative damages.  The possibility of duplicative damages, however, is no basis for granting summary judgment.

**B.     Equitable Estoppel and Fraudulent Concealment**

Because Father Toulouse abused the Plaintiff more than 30 years ago, Plaintiff appropriately anticipated that the Province would rely on a statute of limitations defense. Plaintiff asserts the doctrines of equitable estoppel and fraudulent concealment as reasons that the statute of limitations does not bar his claim.[1]  Although Plaintiff's manner of pleading these doctrines is not artful, the court finds no basis for preventing him from relying on the doctrines.

First, Plaintiff asserted a cause of action for "equitable estoppel."  Properly invoked, equitable estoppel prevents a statute of limitations defense where the "defendant has fraudulently or inequitably invited a plaintiff to forebear from commencing suit until the applicable statute of limitation has run."  Robinson v. City of Seattle, 830 P.2d 318, 345 (Wash. 1992).  A plaintiff asserting equitable estoppel bears the burden of proof by "clear, cogent, and convincing evidence."  Id.

The Province correctly notes that there is no basis for asserting equitable estoppel as an independent cause of action.  To the extent that the Province requests an order declaring that Plaintiff has mislabeled his equitable estoppel argument, the court grants the request.

---

[1] It is likely that Plaintiff's best response to the Province's statute of limitations defense will be the statute of limitations itself.  The applicable statute, RCW § 4.16.340, sets forth three potentially independent events that commence the limitations period, and thus requires a defendant to establish that none of those events occurred within the limitations period.  See C.J.C. v. Corporation of the Catholic Bishop, 985 P.2d 262, 266 (Wash. 1999).

ORDER – 3

To the extent that the Province seeks to bar Plaintiff from relying on an equitable estoppel argument, however, the court must deny the Province's motion. The Province's challenge to the merits of Plaintiff's equitable estoppel argument consists of a single paragraph of briefing in which it cites neither law nor evidence. Defs.' Mot. at 7. This provides the court with no basis for deciding whether Plaintiff can prove equitable estoppel at trial. In the Province's reply brief, it raises for the first time the alleged lack of evidence supporting equitable estoppel in this case. The court declines to consider this argument, as Plaintiff had no opportunity to respond to it. The court therefore will not grant summary judgment on Plaintiff's equitable estoppel argument.[2]

Second, Plaintiff asserted a cause of action for "fraudulent concealment." Like equitable estoppel, fraudulent concealment is a plaintiff's defense to a defendant's statute of limitations defense. Giraud v. Quincy Farm & Chem., 6 P.3d 104, 110 (Wash. Ct. App. 2000). A plaintiff must prove, *inter alia*, that the defendant has an affirmative duty to disclose information material to a cause of action, and that the defendant intentionally withheld that information. Id.

The court grants the Province's motion to the extent that Plaintiff has improperly designated fraudulent concealment as an independent cause of action.

The court finds no basis, however, to rule that Plaintiff cannot rely on a fraudulent concealment theory as a matter of law. The Province asserts that Plaintiff knew that Father Toulouse had abused him, and thus Plaintiff cannot argue that the Province concealed anything. This misses the point. The crux of this lawsuit is not whether Father Toulouse abused Plaintiff (indeed, the Province has all but conceded as much), but

---

[2] Plaintiff should not misconstrue the court's decision to deny summary judgment as encouragement to pursue an equitable estoppel argument. Plaintiff should review the Robinson court's discussion of the doctrine and its elements, 830 P.2d at 345, and consider his reliance on the doctrine accordingly. Although the court does not prejudge the issue, the court is not aware of any circumstances in this action that would support a finding of equitable estoppel.

ORDER – 4

whether the Province knew or should have known of Father Toulouse's proclivities, and whether the Province had a duty to protect minors who came into contact with Father Toulouse. At a minimum, Plaintiff has presented sufficient evidence that the Province was on notice of Father Toulouse's criminal conduct and failed to disclose what it knew. Whether Plaintiff marshals that evidence to support a straightforward argument that the statute of limitations does not bar this action, or whether he uses it to invoke equitable estoppel, fraudulent concealment, or another doctrine is a matter for Plaintiff to decide. There is no basis, on the record before the court, to say that Plaintiff cannot support such arguments as a matter of law.[3]

**C.    RCW § 9.68A.130**

Plaintiff's claim under the Sexual Exploitation of Children Act ("SECA") presents questions of statutory construction. SECA includes the following provision:

> A minor prevailing in a civil action arising from a violation of this chapter is entitled to recover the costs of the suit, including an award of reasonable attorneys' fees.

RCW § 9.68A.130. Plaintiff asserts a cause of action under this statute[4], alleging that this case arises, at least in part, from Father Toulouse's "communicat[ion] with a minor for immoral purposes" in violation of SECA. See RCW § 9.68A.090. Washington courts have interpreted communications with a minor incident to sexual abuse as criminal communications for an immoral purpose. C.J.C. v. Corporation of the Catholic Bishop, 985 P.2d 262, 270-71 (Wash. 1999).

Several of the Province's attempts to avoid the applicability of the attorneys' fees provision are unconvincing. First, the Province interprets the availability of attorneys'

---

[3]Again, Plaintiff should not misconstrue the court's refusal to grant summary judgment as encouragement to rely on a marginal argument. See supra n.2.

[4]Although there seems no reason to assert this attorneys' fees provision as a separate cause of action, neither party explains why this technical defect is of any consequence.

ORDER – 5

fees in any "civil action arising from a violation," RCW § 9.68A.130, to permit a fees award only where the person who violated SECA is the defendant in the action. This construction conflicts with the text of the statute, and the Province presents no authority to support it. Similarly, the court finds no merit in the Province's assertion that its liability for attorneys' fees turns on whether it is vicariously guilty of Father Toulouse's crimes under RCW § 9A.08.030. The statute on which the Province relies defines circumstances under which a corporate body is criminally liable for the acts of one of its agents. See RCW § 9A.08.030. The statute is silent as to civil liability, which is the subject of SECA's attorneys' fees provision. Third, the Province's position that civil liability can arise only after a *conviction* under SECA is inconsistent with the statute's conditioning of liability on a "*violation*" of SECA. RCW § 9.68A.130 (emphasis added).

Whereas the above questions appear to have obvious answers, the parties pay little attention to a more difficult question of statutory interpretation: whether SECA's fees provision applies to Father Toulouse's conduct in 1968. Typically, application of an attorneys' fees statute raises no question of retroactivity, because a litigant's entitlement to attorneys' fees does not arise until he has prevailed at trial. State v. Blank, 930 P.2d 1213, 1223 (Wash. 1997). In this case, however, the retroactivity concern arises from conditioning the entitlement to attorneys' fees on a "violation of this chapter." RCW § 9.68A.130. Although communication with a minor for immoral purposes has been unlawful since at least 1961[5], it has been a violation of SECA only since 1984. Does this

---

[5]The Province suggests that Washington did not begin criminalizing communicating with a minor for immoral purposes until 1975. Reply at 13. The Province is wrong. See State v. Rahn, 459 P.2d 824, 825 (Wash. Ct. App. 1969) (citing RCW § 9.79.130, which criminalized "communicat[ion] with a child under the age of eighteen years for immoral purposes"); State v. Carter, 570 P.2d 1218, 1222 n.6 (Wash. 1977) (noting repeal of RCW § 9.79.130 in 1975); State v. Schimmelpfennig, 594 P.2d 442. 446 (Wash. 1979) (noting enactment of RCW § 9A.88.020 in 1975); C.J.C., 985 P.2d at 270 n.7 (noting recodification of RCW § 9A.88.020 and eventual incorporation in SECA in 1984).

ORDER – 6

raise concerns of retroactive application? The parties barely address this question, and do so without citing relevant precedent.

Under these circumstances, the court declines to decide at this time whether SECA's attorneys' fees provision applies in this action. Although 22 years have passed since the legislature enacted SECA, no court has construed the act's attorneys' fees provision. The question before the court is a state law question of first impression, and the court declines to decide it on the sparse briefing the parties have presented. There is no question that Plaintiff must prevail in this action before he can claim attorneys' fees. Should he prevail, the court will require the parties to submit more detailed briefing on the applicability of RCW § 9.68A.130.

### III.  CONCLUSION

For the foregoing reasons, the court GRANTS the Province's motion (Dkt. # 91) to the extent it correctly identifies arguments that Plaintiff should not have pleaded as causes of action. The court DENIES the motion in all other respects, and reserves ruling on the applicability of RCW § 9.68A.130 to this action.

Dated this 20th day of October, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 7